DARLENE C. VIGIL
State Bar No. 223442
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
3990 E. Concours Street, Suite 350
Ontario, CA 91764
(626) 371-7000 – Phone
(972) 661-7726 – Fax
File No. 10483089
cdcaecf@BDFGroup.com

Attorneys for Objecting Secured Creditor
WILMINGTON TRUST, NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY, BUT SOLELY AS TRUSTEE
OF MFRA TRUST 2015-2

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| In re: | CASE NO.: 6:25-bk-13166-SY |
|---|---|
| LARA FAKHOURY, | CHAPTER: 13 |
| Debtor. | OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN |
| | CONFIRMATION HEARING:<br>DATE: July 15, 2025<br>TIME: 1:30 p.m.<br>CTRM: 302 |

Secured Creditor WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-2 ("Wilmington") hereby submits the following objection to Debtor Lara Fakhoury's ("Debtor") Chapter 13 Plan filed on May 29, 2025 (Dkt. #14) ("Plan"), on the following grounds:

1
OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

1.      Wilmington holds a secured claim evidenced by a promissory note in the original principal amount of $780,000.00 ("Loan Obligation") executed by Debtor on or about January 25, 2019, collateralized by a first priority deed of trust encumbering Debtor's residential property commonly known as **1243 Jacaranda Place, Upland, CA 91784** ("Property") and recorded on January 29, 2019, as Instrument No. 2019-0029406, in the Official Records of San Bernardino County, California. Debtor's Schedules A and D identify the Property and Loan Obligation.

2.      Wilmington is in the process of filing a Proof of Claim in this case and has advised at the time this case was filed the approximate prepetition arrears totaled $116,381.84, which includes fourteen (14) delinquent monthly mortgage payments from April 1, 2024 through and including May 1, 2025. Wilmington has also advised the amount of the June 1, 2025 post-petition monthly mortgage payment is $5,744.73.

3.      Debtor's Plan provides for Wilmington's Loan Obligation as a Class 2 claim, proposing to cure prepetition arrears in the understated amount of $80,000 and the Trustee to pay the ongoing monthly mortgage payments directly to the lender.

4.      On May 29, 2025 Debtor filed Schedules I and J (Dkt. #11). Schedule I reflects Debtor's combined monthly income is $8,192.01, which includes monthly contribution income in the amount of $4,253, which is approximately 52% of Debtor's total monthly income. No declaration has been filed evidencing the contributor has the ability to pay $4,253 per month and this contribution will be made throughout the life of the Plan. There is simply no assurance that this contribution, which is necessary to fund the Plan will be available to Debtor throughout the duration of the Plan. As a result, Debtor's monthly contribution income appears speculative. Because Debtor's contribution income appears speculative, Debtor's Plan does not appear feasible.

5.      Debtor's expenses appear to be understated. Debtor's Schedule J, Line 4 lists Debtor's monthly mortgage payment in the amount of $5,000. Wilmington has advised the amount of the June 1, 2025 monthly mortgage payment is $5,744.73. As a result, Debtor's scheduled monthly mortgage payment expense is understated in the amount of $744.73 ($5,744.73 - $5,000 = 744.73).

6.  Debtor's net income appears to be overstated. Debtor's Schedule J, Line 23c lists Debtor's monthly net income in the amount of $512.01. However, that amount is overstated because Debtor's monthly mortgage expense is understated in the amount of $744.73. Actually, Debtor appears to have negative monthly net income in the amount of -$232.72 ($512.01 - $744.73 = -$232.72). Debtor does not appear to have sufficient income to pay the ongoing mortgage let alone cure the substantial arrears in the amount of $116,381.84 which would require a monthly plan payment over 60 months in the amount of $1,939.39. Debtor's Plan does not appear feasible.

7.  Based on the foregoing, the Debtor's Plan does not comply with the provisions of the United States Bankruptcy Code. Debtor's Plan cannot be confirmed as the Plan fails to provide for Wilmington's arrearage claim in full and fails to meet the feasibility requirement. (See 11 U.S.C. § § 1322(b)(5), 1325(a)(6)).  Debtor bears the burden of proof to show that the Plan meets the feasibility requirement of 11 U.S.C. § 1325(a)(6). In this case, Debtor has failed to meet that burden. See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001).

WHEREFORE, this objecting creditor prays as follows:

1.  That the court deny confirmation of the Debtor's Chapter 13 Plan; and

2.  For such other relief as this Court deems proper.

Dated:  June 12, 2025                              BARRETT DAFFIN FRAPPIER
                                                   TREDER & WEISS, LLP

                                       By:    /s/ Darlene C. Vigil
                                              DARLENE C. VIGIL
                                              Attorneys for Secured Creditor
                                              WILMINGTON TRUST, NATIONAL
                                              ASSOCIATION, NOT IN ITS INDIVIDUAL
                                              CAPACITY, BUT SOLELY AS TRUSTEE
                                              OF MFRA TRUST 2015-2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3990 E. Concours Street, Suite 350, Ontario, CA 91764

A true and correct copy of the foregoing document entitled (*specify*): Objection to Confirmation of Debtor's Chapter 13 Plan will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 12, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

U.S Trustee/(RS):  ustpregion16.rs.ecf@usdoj.gov
Debtor's Attorney:  Benjamin Heston:  bhestonecf@gmail.com, benheston@recap.email,
        NexusBankruptcy@jubileebk.net
Chapter 13 Trustee Rod Danielson:  notice-efile@rodan13.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) June 12, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor:  Lara Fakhoury, 1243 Jacaranda Pl., Upland, CA 91784-7410

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/12/2025 | DARLENE VIGIL | /s/ Darlene Vigil |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**