| | |
|---|---|
| ROD DANIELSON, Chapter 13 Trustee<br>3787 University Avenue<br>Riverside, CA 92501-3332<br>(951) 826-8000   FAX (951) 826-8090<br><br><br><br>Chapter 13 Trustee | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| | |
|---|---|
| IN RE<br><br>Lara Fakhoury<br><br><br><br><br>DEBTOR | CHAPTER 13<br>CASE NO. 6:25-bk-13166-SY<br><br>**TRUSTEE'S OBJECTION TO PLAN CONFIRMATION AND REQUEST FOR DISMISSAL OR CONVERSION TO CHAPTER 7**<br><br>341A DATE/TIME:   June 18, 2025  8:00 am<br>CONF DATE/TIME: July 15, 2025  1:30 pm<br>3420 Twelfth St.<br>Courtroom: 302<br>Riverside, CA 92501 |

The Chapter 13 Trustee hereby objects to confirmation of the plan in this case for the reasons set forth in Attachment A, incorporated herein by this reference.  The Trustee objects to the plan to the extent that it fails to comply with the mandatory provisions of the bankruptcy code, including but not limited to 11 U.S.C. §1322 and §1325, and any provisions governing disposable income, plan duration, and good faith.  The Trustee reserves the right to raise other objections in the course of plan confirmation.

Debtors and counsel are reminded:

1.  Failure to appear and prosecute this case at any confirmation hearing or initial or continued meeting of creditors may result in dismissal of the case, including dismissal with a 180-day bar to re-filing.  11 U.S.C. §1307(c), LBR 3015-1(c) and (d), 11 U.S.C. §109(g)(1).
2.  Failure to pay all required plan and mortgage payments timely and in the required amounts may result in dismissal of the case, including dismissal with a 180-day bar to re-filing.  LBR 3015-1(e) and (k)(4), 11 U.S.C. §§1326(a), 109(g)(1).
3.  Debtor is required to cooperate with the Chapter 13 Trustee.  11 U.S.C. §521(3).
4.  <u>Any additional documents required to be submitted or requested by the Trustee herein or otherwise must be received by the Trustee not later than 5 business days following the initial 341(a) meeting of creditors</u>.


WHEREFORE, the Chapter 13 Trustee hereby moves this court for its order denying confirmation and dismissing this case, including dismissal with a 180-day bar to re-filing, or converting the case to chapter 7, if appropriate.


DATED: June 25, 2025                                                            /s/ Rod Danielson
                                                                                            Chapter 13 Trustee


FG:140 - 06/25/2025 - SJL

**ATTACHMENT A -** FAKHOURY

## Declaration of Rod Danielson in Support For
## Objection to Plan Confirmation and Request Dismissal

The Chapter 13 Trustee hereby objects to confirmation of the plan and requests dismissal or conversion of this case on the following grounds and for the following reasons:

Wilmington has filed an Objection to Confirmation that must be resolved prior to confirmation of the case.

Debtor is not proposing this plan in good faith unless the Debtor agrees to conduit payments made by the Trustee to the lender directly because the Debtor has approximately $80,000 in mortgage arrears listed in the plan. The conduit payment will be calculated by the Trustee at the time of confirmation and does not need to be included in an amended plan. The Debtor (s) must continue to make mortgage payments directly to the lender until the plan is confirmed. [11 U.S.C. §1325(a)(3); In re Giesbrecht, 429 B.R. 682 (9th Cir. B.A.P. 2010)]

There are multiple issues with the plan. Debtor's plan doesn't list a plan payment amount nor a percentage to be paid to unsecured creditors. Class 2 has both boxes checked which is contradictory and there is a creditor listed in Class 2. The plan must be amended and served on all creditors with sufficient notice time.

Proof of income from all sources were not provided seven days before the 341(a) meeting as required. The court approved contribution declaration, with the contributor's six months of proof of income attached, was not filed with the court. [LBR 3015-1(c)(3)]

Schedule E/F fails to disclose the claim amounts for one or more of the debts listed.

The Debtor(s) failed to file the Tax Returns/Domestic Support Obligation Declaration.

Debtor(s) failed to file the Declaration Setting Forth Post-Petition, Pre-Confirmation Deeds of Trust Payments [LBR Form 3015-1.4]. In addition, any updated form must reflect cumulatively all payments made between the date of filing the petition and the date of the declaration. The Declaration must be filed at least 14 days prior to the confirmation hearing. [LBR 3015-1(m)(6)]

The Debtor(s) must provide an unexpired declaration page of the auto insurance policy (not the insurance card) for all vehicles that the Debtor(s) owns or leases.

I declare under penalty of perjury that the foregoing is true and correct. Signed and dated at Riverside, California on <u>06/25/2025.</u>

/s/ Rod Danielson
Chapter 13 Trustee

| In re: **LARA FAKHOURY** | **Chapter: 13** |
|---|---|
| Debtor(s) | Case Number: **6:25-bk-13166-SY** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3787 University Avenue, Riverside, CA 92501.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S OBJECTION TO PLAN CONFIRMATION AND REQUEST FOR DISMISSAL OR CONVERSION TO CHAPTER 7** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Orders LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **06/25/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**US Trustee: ustpregion16.rs.ecf@gov.com**
**ben@nexusbk.com**

☐ Service Information continued on attached pa

**2. SERVED BY UNITED STATES MAIL:**
On **06/25/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here contitutes a declaration that mailing to the judge will be completed no later than

Debtor
LARA FAKHOURY
1243 JACARANDA PL
UPLAND, CA 91784-7410

HONORABLE SCOTT H. YUN
3420 TWELFTH ST, SUITE 345
RIVERSIDE, CA 92501-3819

☐ Service Information continued on attached pa

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal

☐ Service Information continued on attached pa

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 06/25/2025 | /s/ Susan Jones |
|---|---|
| Date | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
FG: 140 - SJL
June 2012

F 9013-3.1.PROOF.SERVICE